UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER G.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C20-5809-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in (1) finding at step two depression, anxiety and shoulder conditions are not severe; (2) discounting her subjective allegations; and (3) assessing the medical opinion evidence. Based upon these errors she contends the ALJ's RFC determination and step five determinations fail to account for all of her limitations, and the case should therefore be remanded. Dkt. 11 at 3. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 52 years old, has a high school diploma, and previously worked as a nursing assistant. Tr. 48, 285. At the time of the administrative hearing, Plaintiff was training to become a certified medical assistant. Tr. 47.

In January 2018, she applied for benefits, alleging disability as of April 1, 2011.[1]  Tr. 232-50.  Her applications were denied initially and on reconsideration.  Tr. 166-72, 175-80.  The ALJ conducted a hearing in April 2019 (Tr. 39-77), and subsequently found Plaintiff not disabled.  Tr. 15-33.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: lumbar degenerative disc disease with mild scoliosis, cognitive communications disorder, and mixed receptive-expressive language deficit.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:**  Plaintiff can perform medium work with additional limitations: she cannot climb ropes or scaffolds.  She can occasionally climb ladders, and frequently climb ramps and stairs.  She can frequently balance, stoop, crouch, and crawl.  She can frequently reach bilaterally.  She can have no more than occasional exposure to extreme cold and hazards such as unprotected heights and dangerous machinery.  She can perform simple, routine and semiskilled work for which there are learned skills or transferable skills.

**Step four:**  Plaintiff can perform her past work as a nurse assistant, and she is therefore not disabled.

**Step five:**  In the alternative, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, and she is therefore not disabled.

Tr. 15-33.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to March 16, 2013.  Tr. 42.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**DISCUSSION**

**A.    The ALJ's Step Two**

Plaintiff has the burden at step two to make a threshold showing her medically

determinable impairments significantly limit her ability to perform basic work activities.  *See*

*Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic

work activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§

404.1522(b), 416.922(b).  "An impairment or combination of impairments can be found 'not

severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal

effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)

(quoting Social Security Ruling 85-28).  A diagnosis alone is not sufficient to establish a severe

impairment.  Instead, a claimant must show his medically determinable impairments are severe.

20 C.F.R. §§ 404.1521, 416.921.

The ALJ here found the medical and other evidence establish Plaintiff's adjustment

disorder with anxious and depressed mood, [and] status post-bilateral should surgeries . . . cause

only a slight abnormality that would have no more than a minimal effect on her ability to work."

Tr. 18. The ALJ found Plaintiff's mental conditions are not severe because they "cause no more

than mild restrictions or difficulties in the four broad areas" of mental functioning. Tr. 18-20.

Plaintiff argues the ALJ erred by considering her improvement with treatment when assessing

the functional areas, because during much of the adjudicated period she was not receiving

treatment and was thus more limited.  Dkt. 11 at 5.

However, the Court cannot say it was unreasonable for the ALJ to consider Plaintiff's

functioning with treatment, in light of the fact the record shows Plaintiff's condition improved

with treatment.  *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of

medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r of the Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

Plaintiff also argues the ALJ erred in finding her shoulder conditions to be not severe, because she did not have surgery until 2016 and the surgery did not resolve all of her limitations. Dkt. 11 at 6-7. However, Plaintiff does not address the ALJ's findings about her shoulder conditions. The ALJ summarized Plaintiff's course of treatment for her shoulder conditions. The ALJ noted before the surgery, Plaintiff was discharged from physical therapy with 1/10 pain, an ability to overhead reach without pain, full shoulder ranger of motion with some pain lifting objects, occasional pain at the end ranges of motion with dressing and only occasional sleep disturbance. Tr. 20-21. Plaintiff was also noted to be able to do most of her usual work, lift heavy weights with extra symptoms and carry very light weights with increased symptoms. Tr. 21.

The ALJ also cited Plaintiff's self-report that after surgeries on both of her shoulders and four sessions of physical therapy, "she was doing well with improved numbness, no pain complaints, and no functional limitations." *Id.* (citing Tr. 493 (April 2018 physical therapy discharge note)). Plaintiff has not shown the ALJ's findings are not supported by the record or cited any evidence demonstrating she has limitations that persisted after she was discharged from physical therapy. She argues her physical conditions would lead to limitations in lifting, carrying, and reaching but this is an argument made without support of citation to the record, and thus an unsupported argument the Court declines to accept. Dkt. 11 at 7. Plaintiff has therefore not met her burden to show the ALJ erred in finding that her shoulder conditions were not severe.

**B.      Plaintiff's Testimony**

The ALJ discounted Plaintiff's subjective testimony because (1) Plaintiff worked and attended school full-time during the period she claimed to be disabled, yet "emphatically denied" at the hearing doing the work reported in the record; (2) Plaintiff's mental status examinations were inconsistent with disabling functional limitations; and (3) the objective medical evidence does not corroborate Plaintiff's allegations of disabling physical limitations.  Tr. 25-28.  Plaintiff argues the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues the ALJ erred in cherry-picking the evidence of her physical functioning, in that the ALJ "overvalues the evidence which shows [Plaintiff] as *not disabled* while minimizing the more well-established pattern of evidence showing her substantial limitations, including medical imaging."  Dkt. 11 at 12.  Plaintiff also argues the ALJ erred in cherry-picking mental status examinations performed by non-mental health providers, because Plaintiff's limitations were better observed in private, one-on-one sessions with specialists.  *Id*.

Plaintiff first fails to show the ALJ's decision is not supported by substantial evidence. The ALJ's decision acknowledges the imaging results Plaintiff mentions (Tr. 25-26) as well as some abnormal objective findings, but does not err in relying on Plaintiff's self-reported improvement with medication and normal objective findings, as well as an examining physician's opinion that Plaintiff was capable of performing medium work.  *See, e.g.*, Tr. 592-94.

Moreover, although Plaintiff directs the Court's attention to her mental health notes, Plaintiff reported to mental health specialists during the adjudicated period that she was working in her boyfriend's business (which she had explicitly denied at the administrative hearing) and in other capacities, as well as attending school full-time. It was not unreasonable for the ALJ to find

this evidence was inconsistent with the mental limitations Plaintiff alleged.  *See* Tr. 571 (working

in boyfriend's business), 576 (examining psychologist's opinion that Plaintiff can perform

substantial gainful activity), 602 (grooming dogs), 1243 (successfully completed a quarter of

school), 1267 (indicating Plaintiff did not have any mental health issues to work on with

clinician, with her only goal being to complete her quarter of school), 1324 (working as a

babysitter), 1326 (working in boyfriend's business).  Further undercutting Plaintiff's argument is

the ALJ's acknowledgment that some of her mental status examination findings were abnormal,

which demonstrates that the ALJ did not simply look only to evidence that supported her

ultimate conclusion.  *See, e.g.*, Tr. 23-24, 27.

For all of these reasons, Plaintiff has failed to show improper cherry-picking in the ALJ's

decision.  *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is

not whether there is substantial evidence that could support a finding of disability, but whether

there is substantial evidence to support the Commissioner's actual finding that claimant is not

disabled.").  The ALJ provided several clear and convincing reasons that are supported by the

record to discount Plaintiff's allegations, and this portion of the ALJ's decision is therefore

affirmed.

## C.    Medical Opinion Evidence

Plaintiff argues the ALJ misevaluated the medical opinions by finding persuasive the

medical opinions describing Plaintiff as less limited, and discounting other opinions describing

her as more limited.  Dkt. 11 at 8.  Plaintiff does not point to any error in the ALJ's finding

regarding why she found certain opinions were more persuasive, and thus the Court is presented

with no argument showing the ALJ erred in giving certain opinions more weight.  *See* Tr. 28-30.

1    It is the ALJ's prerogative to weigh the evidence and unless error is shown, the Court cannot

2    reject the ALJ's finding by reweighing the evidence on its own.

3              Additionally, the ALJ provided an explanation for her assessment of the medical opinions

4    and the explanation is both legally sufficient and supported by substantial evidence.

5    Specifically, the ALJ explained she found the 2016 opinion of examining physician[4] John Blair,

6    M.D., to be persuasive because it was consistent with the longitudinal record, namely the

7    imaging reports and functional testing.  Tr. 28.  The ALJ explained Dr. Blair's 2015 opinion,

8    which was more restrictive, was inconsistent with the normal functional testing as well as the

9    2016 opinion, rendered less than a year after the 2015 opinion, and was therefore less persuasive

10   in light of its limited duration.  Tr. 28.  Plaintiff's arguments notwithstanding (Dkt. 11 at 8), this

11   reasoning is not conclusory or lacking the support of substantial evidence.

12             Plaintiff also suggests the ALJ erred in finding the opinion of examining physician Louis

13   Enkema, M.D., to be unpersuasive, because it was consistent with imaging results showing

14   degenerative disc and joint disease in Plaintiff's lumbar spine.  Dkt. 11 at 10.  This argument

15   does not show error in the ALJ's assessment of Dr. Enkema's opinion because the ALJ found Dr.

16   Enkema's conclusions were inconsistent with the normal examination of Plaintiff (Tr. 625), and

17   the ALJ also noted internal inconsistencies within Dr. Enkema's conclusions as well as their

18   limited duration.  Tr. 29.  Plaintiff has not shown the ALJ's assessment of Dr. Enkema's opinion

19   was legally insufficient or lacked the support of substantial evidence.

20

21

22   _____

     [4] That the ALJ misidentified Dr. Blair as a treating physician results in no prejudice to Plaintiff,
23   given that, as Plaintiff agrees (Dkt. 11 at 8), the applicable medical regulations do not provide for
     any deference to treating providers.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.  Thus, the Court
     agrees with the Commissioner that this error is harmless.  *See* Dkt. 12 at 13.

As to Plaintiff's mental functioning, the ALJ explained why she found the opinion of examining psychologist Dan Neims, Psy.D., to be more persuasive than the 2016 and 2017 opinions of Daniel Pratt, Psy.D. Tr. 29. The ALJ noted Dr. Neims indicated the moderate limitations he identified would persist for only 3-6 months with treatment, and the ALJ found this aspect of his opinion was consistent with Plaintiff's treatment notes showing improvement within months. The ALJ also found Dr. Neims's opinion to be consistent with his "generally normal exam" and Plaintiff's counseling records. Tr. 29.

The ALJ found Dr. Pratt's 2016 opinion was inconsistent with Plaintiff's mental activities and treatment records, and Dr. Pratt's 2017 opinion was inconsistent with other opinions as well as the records before and after the 2017 opinion. Tr. 29-30. Although Plaintiff argues Dr. Pratt's 2017 opinion itself constitutes evidence that her condition worsened (Dkt. 11 at 9-10), Plaintiff has not shown the ALJ erred in considering Dr. Pratt's opinions in the context of the entire record or that the ALJ was unreasonable in finding the longitudinal record did not corroborate the "stark" difference in Plaintiff's presentation to Dr. Pratt in 2017. *See* Tr. 29-30. Furthermore, as the ALJ noted, Plaintiff's symptoms quickly resolved once Plaintiff reengaged with treatment in January 2018, which undermines the value of Dr. Pratt's description of her limitations in December 2017. Tr. 29.

Plaintiff disputes the ALJ's finding that her symptoms improved with 3-6 months of treatment, because Plaintiff received treatment for nearly two years before Dr. Neims's 2015 examination and she sought treatment again in 2018. Dkt. 11 at 9. The ALJ cited notes from Plaintiff's 2018 course of treatment indicating Plaintiff's symptoms improved in a matter of months, and that her symptoms resolved with treatment during her 2013-15 course of treatment to the point of discharge as well. *See* Tr. 29 (citing Tr. 1267-86, 1308-1487). Plaintiff has not

shown the ALJ erred in finding that the record shows Plaintiff's mental health symptoms are amenable to treatment, or in finding Dr. Neims's opinion to be supported by that record.

Plaintiff also argues the ALJ failed to explain why Dr. Pratt's opinions regarding Plaintiff's social limitations were inconsistent with the record, because although she was in school and treatment, her classes were small, and she did not participate in group therapy. Dkt. 11 at 9. However, the record contains notes from group therapy sessions (*e.g.* Tr. 1246, 1248, 1254-57, 1260, 1264-66) and Plaintiff does not cite any evidence beyond her own self-report, which was properly discounted as explained *supra*, indicating Plaintiff had social deficits.

Because Plaintiff has failed to establish error in the ALJ's assessment of the medical opinion evidence, the Court affirms this portion of the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 5th day of May 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge